IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DONNA HUNT, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | JURY DEMANDED |
| CVS PHARMACY AND AMY JENKINS, | § | |
| | § | |
| DEFENDANT. | § | |

**DEFENDANT CVS PHARMACY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant CVS Pharmacy, Inc. (hereinafter referred to as "Defendant" or "CVS"), hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), CVS sets forth the following "short and plain statement of the grounds for removal":

### A. THE REMOVED CASE

1. The removed case is a civil action first filed in the 188TH Judicial District Court, Gregg County, Texas on January 6, 2022, styled *Donna Hunt vs. CVS Pharmacy and Amy Jenkins,* Cause No. 2022-25-A ("State Court Action"). The case arises from alleged injuries sustained by Plaintiff, Donna Hunt ("Hunt"), on or about January 28, 2020 while at the CVS store located at 1754 West Loop 281, Longview, Texas.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders filed in the State Court Action as of the date of this pleading are attached to this Notice and incorporated herein for all purposes.

3. Attached hereto are copies of the following documents:

      **Exhibit "1":**  Index of Matters Being Filed

           Exhibit "A":   Citation Served on CVS Pharmacy, Inc.;

           Exhibit "B":   Plaintiff's Original Petition;

           Exhibit "C":   Original Answer of CVS Pharmacy, Inc.;

           Exhibit "D":   The State Court's Docket Sheet;

           Exhibit "E":   List of Counsel

      **Exhibit "2":**  Civil Cover Sheet

4.    CVS will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a notice of filing this Notice of Removal with the clerk of the 188th Judicial Court of Gregg County, Texas where the State Court Action is currently pending.

### B.  REMOVAL IS TIMELY

5.    CVS was served with Plaintiff's Original Petition ("Petition") on January 13, 2022. Thus, this Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b).

### C.  VENUE IS PROPER

6.    The United States District Court for the Eastern District of Texas is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 188th Judicial District Court of Gregg County, Texas is located within the jurisdiction of the United States District Court for the Eastern District of Texas.

### D.  DIVERSITY OF CITIZENSHIP EXISTS

7.    This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

8.    At the time of the filing of this Petition, Plaintiff Donna Hunt was and is still, to the best of Defendant's knowledge and according to the Petition, a resident of Texas.  *See*

Plaintiff's Original Petition, ¶ 2. Accordingly, for diversity purposes, Plaintiff is a citizen of Texas. To date, Plaintiff has not identified, served, or joined a Defendant in this case that can defeat diversity jurisdiction.

9. Defendant, CVS Pharmacy ("CVS"), is a foreign corporation, organized and existing under the laws of the State of Rhode Island with a principal place of business at 1 CVS Drive, Woonsocket, Rhode Island. Accordingly, for diversity purposes, Defendant is a citizen of Rhode Island.

10. At the time of this filing, Defendant Amy Jenkins ("Jenkins"), an employee at CVS, has not been served with citation. Jenkins is a resident of the state of Texas. However, Jenkins is fraudulently or improperly joined to this action. Plaintiff's claims against Jenkins lack merit and, thus, her status as an in-state party should be disregarded for purposes of determining jurisdiction. *See Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (en banc), cer. denied, 544 U.S. 992 (2005). Jenkins consents to removal of this action.

11. "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573. To determine whether a party has a "reasonable basis of recovery under state law," courts apply a FED. R. CIV. P. 12(b)(6)-type analysis. *Id*.

12. Here, Plaintiff has no reasonable basis of recovery against Jenkins under Texas

law. Plaintiff's only allegations against Jenkins are as a result of her status as store manager.[1] Plaintiff makes no allegations that Jenkins owed an independent duty of care outside of CVS's duty, and, thus, Plaintiff has no possibility of recovery under Texas law. *See Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008). Plaintiff alleges that Defendant CVS acted through its "agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives" and "at the time such act or thing was done it was done with the authorization of the Defendant or was done *in the normal routine course of the agency or employment of the Defendant*." Plaintiff's Original Petition at ¶ 8 (emphasis added). Moreover, Plaintiff's Original Petition is conspicuously absent of any detail of how Jenkins was negligent or involved in causing damages to Plaintiff.

13.     Because Jenkins is not a proper party to this lawsuit and has not been served, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant CVS Pharmacy, Inc., the only properly joined Defendant, pursuant to 28 U.S.C. § 1332.

### E.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14.     Plaintiff alleges in her Original Petition that she seeks damages of more than $250,000.00.  *See* Plaintiff's Original Petition, ¶ 5.

15.     Based on the aforementioned facts, the State Court Action may be removed to this Court by CVS in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs, as specifically pled in the Petition.

---

[1] However, Jenkins was not an employee at the CVS store located at 1754 West Loop 281, Longview, Texas until June 10, 2021, roughly 18 months after the alleged incident.

### F.  JURY DEMAND

16. Defendant demanded a trial by jury in the State Court Action and the jury fee has been paid to the Clerk of the Court in the State Court Action.

### G.  CONCLUSION

17. For the reasons stated above, Defendant CVS PHARMACY requests that Cause Number 2022-25-A now pending in the 188th Judicial District Court of Gregg County, Texas, be removed to the United States District Court for the Eastern District of Texas, Tyler Division.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

*/s/ John A. Scully*
**JOHN A. SCULLY**
State Bar No. 17936500
john.scully@cooperscully.com
**CHAD NELSON**
Texas State Bar No. 24102930
chad.nelson@cooperscully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: 214-712-9500
Facsimile: 214-712-9540

**ATTORNEYS FOR DEFENDANT
CVS PHARMACY, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 14th day of February, 2022, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

                                          */s/ Chad M. Nelson*
                                          Chad M. Nelson