IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DONNA HUNT,  §<br>§<br>PLAINTIFF,  §<br>§<br>V.  §<br>§<br>CVS PHARMACY AND AMY JENKINS,  §<br>§<br>DEFENDANT.  § | CIVIL ACTION NO. _____<br><br>**JURY DEMANDED** |

## INDEX OF STATE COURT FILINGS

| Notice of Removal Exhibit No. | Filing | Date |
|---|---|---|
| Exhibit 1 | Index of State Court Filings | N/A |
| Exhibit A | Citation Served on CVS Pharmacy, Inc. | 01/13/2022 |
| Exhibit B | Plaintiffs' Original Petition | 01/06/2022 |
| Exhibit C | Original Answer of CVS Pharmacy, Inc. | 02/07/2022 |
| Exhibit D | The State Court's Docket Sheet | 02/14/2022 |
| Exhibit E | List of Counsel | N/A |

\*\*\* CITATION BY MAIL \*\*\*

# THE STATE OF TEXAS

TO:  CVS PHARMACY
     CT CORPORATION SYSTEM
     1999 BRYAN ST SUITE 900
     DALLAS TX   75201

Defendant in the hereinafter styled and numbered cause: **2022-25-A**

You are hereby commanded to appear before the 188th District Court of Gregg County, Texas, to be held at the courthouse of said County in the City of Longview, Gregg County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this Citation, in Cause Number: **2022-25-A**, styled

Damages

| | |
|---|---|
| DONNA HUNT V. CVS PHARMACY and AMY JENKINS | Attorney for Plaintiff:<br>DAVID R HAGAN<br>PO DRAWER 2909<br>LONGVIEW TX   75606<br>903-757-7000 |
| | Attorney for Defendant |

Filed in said court 6th day of January, 2022.

Issued and given under my hand and seal of said Court at office, this the 6th day of January, 2022.

**Trey Hattaway**
District Clerk of
Gregg County, Texas
Gregg County Courthouse
P. O. Box 711
Longview, Texas 75606

Signed: 1/6/2022 3:54:16 PM

By _Justin Soden_ Deputy.

- - - - - - - - - - - - - - - - - - - -

**NOTICE TO DEFENDANT**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default Judgment may be taken against you. In addition to filing a written answer with the clerk you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

## Officer's Return by Mailing

Came to hand on the on this the 6th day of January, 2022, and executed by mailing certified mail restricted delivery a true copy of the citation together with a copy of Plaintiff's petition at the following address:

<u>Name & Address of Defendant</u>
CVS PHARMACY
CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900
DALLAS TX   75201

```
******************************************************
*          Attach                * Date Signed: _____
*     Return Receipt(s)          * Signed by: _____
*          With                  * as evidenced by the signed return receipt
*                                * attached hereto and incorporated in
*    Addressee's Signature       * the return
*                                * _____ Not executed as to defendant
*                                * for the following reason:
*                                * Circle one
*                                * Unclaimed
*                                * Refused
*                                * Return to Sender
*                                * Moved, left no forwarding address
*                                * Unable to Forward
*                                * Other
*                                * TO CERTIFY WHICH WITNESS MY HAND
*                                * OFFICIALLY.
*                                * Trey Hattaway, District Clerk
*                                * By _____ Deputy
************************************* Fee for serving Citation $60.00
```

### C I T A T I O N - BY   MAILING

| File No. 2022-25-A<br>In the 188th District Court<br>Of<br>Gregg County, Texas<br><br>DONNA HUNT V. CVS PHARMACY and AMY JENKINS | Issued this 6th day of January, 2022.<br>**Trey Hattaway**<br>District Clerk of<br>Gregg County<br><br>Signed: 1/6/2022 3:54:16 PM<br><br>By _*Justin Soden*_ Deputy<br>Returned and Filed<br>This _____ day of _____, _____<br>**Trey Hattaway**<br>District Clerk<br><br>By_____Deputy |
|---|---|

CAUSE NO. **2022-25-A** _____

| | | |
|---|---|---|
| DONNA HUNT | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| CVS PHARMACY and | § | |
| AMY JENKINS | § | GREGG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff Donna Hunt, files this, her Original Petition, complaining of and against Defendants CVS Pharmacy and Amy Jenkins. For cause of action, Plaintiff respectfully shows this Court the following:

### A. DISCOVERY CONTROL PLAN

1.  Plaintiff intends that discovery will be conducted pursuant to a Level 1 discovery control plan. TEX. R. CIV. P. 190.4.

### B. PARTIES

2.  Plaintiff Donna Hunt is an individual who resides in Gregg County, Texas.

3.  Defendant CVS Pharmacy is a foreign for-profit corporation, formed under the laws of and with its principle place of business in the State of Rhode Island. Defendant may be served with process by serving its registered agent for service CT Corporation System, by certified mail return receipt requested at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.  On information and belief, Defendant Amy Jenkins is a citizen of the State of Texas. Defendant Amy Jenkins may be personally served with process wherever she may be found.

### C. JURISDICTION & VENUE

5.  The Court has personal jurisdiction over CVS Pharmacy because Defendant

maintains sufficient minimum contacts with Texas and has availed itself of the rights, protections, and liabilities afforded by Texas' forum. The Court has subject matter jurisdiction over the controversy because the events or conditions from which this lawsuit arises occurred in Gregg County, Texas, and because Plaintiff seeks monetary relief more than $250,000.00, less than $1,000.000.00

6. The Court has personal jurisdiction over Defendant Jenkins because Defendant is an individual that resides in the State of Texas.

7. Venue is proper pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Gregg County, Texas.

### D. AGENCY/RESPONDEAT SUPERIOR

8. Whenever it is alleged in this Petition that the Defendant did any act or thing, it is meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of the Defendant or was done in the normal routine course of the agency or employment of the Defendant.

### E. FACTS

9. On January 28, 2020, at approximately 3:45 pm Plaintiff Hunt was walking down an aisle towards the front of the Defendant's business premises located at 1754 West Loop 281, Longview, Texas. Defendant extended an open invitation to the general public, including Plaintiff, to enter the premises. Plaintiff was at all times while on Defendant's premises, was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or, in the alternative, to warn of

their existence. At that time, Defendant Jenkins was the manager in charge of the premises.

10. Plaintiff spotted a product up towards the front of the store and while heading that way there was a stocking pallet that was close to the same color as the carpet. Plaintiff's foot caught on the lip of the pallet, which caused her to fall forwards across onto the pallet and the floor. Plaintiff's right hand caught the edge of pallet and was cut badly. It took approximately ten minutes for an employee to check on Plaintiff Hunt, and instead two other customers helped her up and tended to her in the immediate aftermath of the fall.

11. Plaintiff's suffered serious and permanent bodily injuries as a direct result of a fall proximately caused by a dangerous condition observed or created by Defendants on the premises of which Defendants, their agents, servants, and employees knew or, in the exercise of ordinary care, should have known existed. Defendants, their agents, servants, and employees negligently caused and negligently permitted such condition to exist and failed to warn Plaintiff of the condition, despite the fact that Defendants, their agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was likelihood of someone being injured as happened to Plaintiff. As a result of the Defendants' conduct, Plaintiff suffered serious bodily injuries, described more fully below.

## F. CAUSES OF ACTION

### A. Plaintiff's Premises Liability Claim by an Invitee Against Defendant CVS

12. Defendant CVS was the owner or possessor of the premises at 1754 West Loop 281, Longview, Texas.

13. Defendant extended an open invitation to the public, including Plaintiff, to enter the premises for their mutual benefit, and Plaintiff entered Defendant's property for the mutual benefit of both Plaintiff and Defendant.

14. A condition on Defendant's premises posed an unreasonable risk of harm, i.e., the pallet/obstruction on the floor, as described above. Defendant knew, or reasonably should have known, of the unsafe condition(s) it had created and that were present on its premises.

15. Because Plaintiff was an invitee, Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This includes the duty to inspect and the duty to warn or to cure. Despite Defendant's duty, Defendant failed to reasonably inspect the property and failed to cure or warn Plaintiff of the dangerous condition posed on its premises that would have been apparent from such a reasonable inspection on Defendant's behalf, and was in fact caused by Defendant. Defendant's breach of duty proximately caused Plaintiff's injuries, listed below.

16. Each and all of the acts/omissions of Defendant CVS singularly or in combination with others, constituted negligence, gross negligence, and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### B. Plaintiff's Negligence Claim Against Defendants

17. Both Defendants engaged in negligence and negligence *per se* that proximately caused Plaintiff's injuries. Specifically, Defendants failed to do that which a premises owner or manager of ordinary prudence would have done or did what a premises owner or manager of ordinary prudence would not have done in the same or similar circumstances when it created or allowed to exist a dangerous condition as described above on its premises. The occurrence made the basis of Plaintiff's lawsuit and Plaintiff's resulting injuries were proximately caused by Defendants' negligent acts and/or omissions, including Defendants' employees' failure to remove

unattended materials out of the aisle and failure to place warning signs of the stocking pallet, causing the materials and pallet to be in Plaintiff's path proximately causing Plaintiff Hunt to suffer injuries and damages. Defendants' conduct as described above directly and foreseeably caused Plaintiff's injuries, and constituted negligence and negligence *per se*.

18. The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff Hunt's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## DAMAGES

19. Plaintiff Donna Hunt, as a direct and proximate result of the negligent conduct of Defendant, sustained bodily injuries. Plaintiff believes that some of her injuries are permanent in nature and have had serious effects on her health and well-being. It has been necessary for Plaintiff to pay or incur reasonable and necessary medical expenses in the past and, in all reasonable medical probability, it is likely that she will incur reasonable and necessary medical expenses for the treatment of her injuries in the future. In connection with such injuries, Plaintiff has suffered physical pain and mental anguish in the past, is suffering at the present, and in all reasonable probability will continue to suffer such physical pain and mental anguish in the future. Plaintiff has sustained past physical impairment and, in all reasonable probability, will continue to suffer physical impairment in the future. Plaintiff has suffered physical disfigurement in the past and, in all reasonable probability, will continue to suffer physical disfigurement in the future. Plaintiff sues for the recovery of past and future medical expenses, pain and mental anguish, physical impairment, and physical disfigurement; all in an amount in excess of the minimum jurisdictional limits of this Court. Plaintiff is seeking a reasonable amount to be determined for her injuries.

### H. DOCUMENTS TO BE USED

20. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff intends to use during the trial of the above-entitled and numbered cause, all documents exchanged and produced between the parties including, but not limited to, correspondence and discovery responses.

### PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and that, upon final trial of this cause, Plaintiff recover as follows:

a. Actual damages within the jurisdictional limits of this Court;

b. Pre-judgment and post-judgment interest as allowed by law;

c. Costs of Court; and

d. All other relief to which Plaintiff may show herself justly entitled.

> Respectfully submitted,
> SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
>
> _/s/ David R. Hagan_
> DAVID R. HAGAN
> State Bar No. 24099170
> dhagan@sloanfirm.com
> 101 East Whaley Street
> P.O. Drawer 2909
> Longview, Texas 75606-2909
> Telephone: (903) 757-7000
> Facsimile: (903) 757-7574
>
> ATTORNEY FOR PLAINTIFF

CAUSE NO. 2022-25-A

| | | |
|---|---|---|
| DONNA HUNT | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | GREGG COUNTY, TEXAS |
| | § | |
| CVS PHARMACY AND AMY JENKINS | § | 188TH JUDICIAL DISTRICT |

## DEFENDANT CVS PHARMACY, INC.'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, CVS Pharmacy, Inc. (hereinafter "Defendant"), Defendant in the above-styled and numbered cause, and files this Original Answer, and in support thereof would respectfully show unto the Court the following:

### I.   GENERAL DENIAL

1. Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

### II.   AFFIRMATIVE DEFENSES

2. Pleading affirmatively, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable retail business owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

3.      Pleading further, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that his failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff.  Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit.  Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

4.      Pleading further, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to their medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the *Texas Civil Practice and Remedies Code*.  Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

5.      Pleading further, Defendant invokes, if necessary, the limitations on prejudgment interest under Chapter 304 of the Texas Finance Code and Chapter 41 of the *Texas Civil Practice and Remedies Code*, and any other applicable statute or common-law rule.

6.      Pleading further, Plaintiff's claims were caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

### III.     DEMAND FOR JURY TRIAL

7.      Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that upon final hearing and trial hereof, Plaintiff takes nothing by this suit against Defendant and that Defendant go hence without day and with all costs on its behalf incurred, and that the Court grant such other

and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled to receive.

                Respectfully submitted,

                **COOPER & SCULLY, P.C.**

By:    */s/ John A. Scully*
        **JOHN A. SCULLY**
        Texas Bar No. 17936500
        John.Scully@cooperscully.com
        **CHAD M. NELSON**
        Texas Bar No. 24102930
        Chad.Nelson@cooperscully.com

900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR DEFENDANT
CVS PHARMACY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2022, a true and correct copy of the foregoing document was served on all counsel of record by electronic court filing:

                */s/ Chad M. Nelson*
                **CHAD M. NELSON**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Scully on behalf of John Scully
Bar No. 17936500
john.scully@cooperscully.com
Envelope ID: 61486898
Status as of 2/7/2022 12:37 PM CST

Associated Case Party: DONNA HUNT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rose Feazell | | rfeazell@sloanfirm.com | 2/7/2022 9:59:07 AM | SENT |
| David Hagan | | dhagan@sloanfirm.com | 2/7/2022 9:59:07 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Theresa Corona | | Theresa.Corona@cooperscully.com | 2/7/2022 9:59:07 AM | SENT |
| Chad Nelson | | chad.nelson@cooperscully.com | 2/7/2022 9:59:07 AM | SENT |

Associated Case Party: CVS PHARMACY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John A.Scully | | john.scully@cooperscully.com | 2/7/2022 9:59:07 AM | SENT |

2/14/22, 2:17 PM          Case 6:22-cv-00062-JDK   Document 1-1   Filed 02/14/22   Page 14 of 16 PageID #:  20
                                        beta.co.gregg.tx.us/OdysseyPA/CaseDetail.aspx?CaseID=1671688

Skip to Main Content Logout My Account Search Menu New Search Refine Search  Back                              Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2022-25-A

| DONNA HUNT V. CVS PHARMACY and AMY JENKINS | § § § § § § § | Case Type: **Damages** <br> Date Filed: **01/06/2022** <br> Location: **188th District Court** <br> Judicial Officer: **Novy, J. Scott** |
|---|---|---|

---

### PARTY INFORMATION

|  |  |  | Lead Attorneys |
|---|---|---|---|
| **Defendant** | **CVS PHARMACY** |  | **John Scully** <br> *Retained* <br> 214-712-9500(W) |
| **Defendant** | **JENKINS, AMY** |  |  |
| **Plaintiff** | **HUNT, DONNA** |  | **DAVID R HAGAN** <br> *Retained* <br> 903-757-7000(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 01/06/2022 | **Petition (OCA)** | | |
| 01/06/2022 | **Citation By Certified Mail** | | |
| |     CVS PHARMACY | Served | 01/13/2022 |
| | | Response Received | 02/07/2022 |
| | | Returned | 01/18/2022 |
| 01/06/2022 | **Citation** | | |
| |     JENKINS, AMY | Unserved | |
| 01/06/2022 | **Docket Sheet** | | |
| 01/06/2022 | **Letter** | | |
| 01/18/2022 | **Citation Return Certified Mail** | | |
| 02/07/2022 | **Defendant's Original Answer** | | |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff HUNT, DONNA** | | |
| Total Financial Assessment | | 426.00 |
| Total Payments and Credits | | 426.00 |
| **Balance Due as of 02/14/2022** | | **0.00** |
| 01/06/2022 | Transaction Assessment | | | 426.00 |
| 01/06/2022 | e-Filing | Receipt # 000101-2022-DC | HUNT, DONNA | (289.00) |
| 01/06/2022 | State Credit | | | (137.00) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DONNA HUNT, § | |
| § | |
| PLAINTIFF, § | |
| § | CIVIL ACTION NO. |
| V. § | |
| § | JURY DEMANDED |
| CVS PHARMACY AND AMY JENKINS, § | |
| § | |
| DEFENDANT. § | |

## LIST OF PARTIES AND COUNSEL

Defendant CVS Pharmacy files this list of parties and counsel.

**COUNSEL FOR PLAINTIFF DONNA HUNT**

David R. Hagan
State Bar No. 24099170
dhagan@sloanfirm.com
Sloan, Hatcher, Perry, Runge, Robertson & Smith
101 East Whaley Street
P. O. Drawer 2909
Longview, Texas 75606-2909
P: (903)757-7000
F: (903)757-7574


**COUNSEL FOR DEFENDANT CVS PHARMACY**

John A. Scully
Texas Bar No. 17936500
john.scully@cooperscully.com
Chad Nelson
Texas State Bar No. 24102930
chad.nelson@cooperscully.com
Cooper & Scully, PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: 214-712-9500
Facsimile: 214-712-9540

LIST OF PARTIES AND COUNSEL – Page 1
D/1044273v1

Respectfully submitted,

**COOPER & SCULLY, P.C.**

*/s/ John A. Scully*
**JOHN A. SCULLY**
State Bar No. 17936500
john.scully@cooperscully.com
**CHAD NELSON**
Texas State Bar No. 24102930
chad.nelson@cooperscully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: 214-712-9500
Facsimile: 214-712-9540

**ATTORNEYS FOR DEFENDANT
CVS PHARMACY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2022, a true and correct copy of the foregoing document was served on all counsel of record by electronic court filing and/or US. Certified Mail, Return Receipt Requested and/or electronic mail:

David R. Hagan
Sloan, Hatcher, Perry, Runge, Robertson & Smith
101 East Whaley Street
P. O. Drawer 2909
Longview, Texas 75606-2909
P: (903)757-7000
F: (903)757-7574
dhagan@sloanfirm.com
**Attorney for Plaintiff**

*/s/ Chad Nelson*
Chad Nelson